UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMEL DALLUGE,

                  Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION, DEPARTMENT OF CORRECTIONS, and DEVON SCHRUM,

                  Defendants.

No. C11-5132 RJB/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  May 20, 2011**

      This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  The Court ordered Plaintiff Amel Dalluge to file an amended complaint or show cause explaining why this matter should not be dismissed for failure to state a claim 42 U.S.C. § 1983.  ECF No. 7.  Plaintiff filed a proposed Amended Complaint (ECF No. 9), but that amendment suffers from the same deficiencies as his original complaint.  The undersigned concludes that further amendment would be futile and recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

**BACKGROUND**

      In his original complaint, Plaintiff purports to sue the "Federal Bureau of Investigations (All Actors) and the Department of Corrections (All Actors)."  ECF No. 6.  Plaintiff complains that the FBI is failing to investigate his claim that the Department of Corrections (DOC) is

REPORT AND RECOMMENDATION - 1

torturing him. He alleges that the DOC has placed him in a red cell with black micro dots everywhere and that he is being subjected to high pitched frequencies through the intercom, light oscillations, food that causes digestive problems, sexual deviant therapy, brainwashing, and soul transfer. *Id.*, p. 3. He claims that these actions violate his Eighth Amendment rights, the RICO Act, and "lots of international laws." Plaintiff seeks an international investigation, complete monetary liquidation or forfeiture, and any other form of relief, including criminal charges. *Id.*

The court found the complaint to be frivolous and that dismissal of the complaint under Fed. R. Civ. P. 12(b)(6) was proper as Plaintiff had failed to state a claim under 42 U.S.C. § 1983 against any identified parties. ECF No. 7, p. 4. Plaintiff was advised that he had failed to identify any person as a defendant and failed to allege in specific terms how any named individual defendant was involved in the deprivation of his constitutional rights. Plaintiff was further advised that the court found no basis upon which to construe the violation of a federal constitutional right stemming from an alleged failure by the FBI to investigate or prosecute the Department of Corrections. *Id.*

In his Amended Complaint, Plaintiff again names the "Department of Corrections (All Actors)" and "Federal Bureau of Investigation (All Actors)". He adds Devon Schrum of the Department of Corrections as a Defendant. ECF No. 9. The remainder of Plaintiff's amended complaint is no different than his original complaint. Plaintiff provides no factual basis for including Devon Schrum as a Defendant.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint

REPORT AND RECOMMENDATION - 2

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id.* at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor.   However, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Neither can the court supply an essential fact an inmate has failed to plead.  *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  *Lopez v. Henderson*, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, *Henderson v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106

REPORT AND RECOMMENDATION - 3

(9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff has failed to state a cause of action under § 1983. He has failed to allege facts from which it may be inferred that the failure of anyone to investigate or prosecute the Department of Corrections has resulted in a deprivation of his federal constitutional rights.

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *See Rizzo v. Goode*, 423

REPORT AND RECOMMENDATION - 4

U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). Plaintiff has again failed to set forth facts showing that his federal constitutional rights have been violated by individuals within the DOC and/or the FBI. Plaintiff has already been given an opportunity to amend, but his amended complaint suffers from the same deficiencies. Accordingly, the undersigned recommends that this action be dismissed and that the dismissal count as a strike.

## CONCLUSION

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action should be **dismissed without prejudice, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g).** Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 20, 2011,** as noted in the caption.

**DATED** this   2nd   day of May, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5